UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF LLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| Onesha Willingham, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| Macon County Sheriff's Department, Macon County, | ) | |
| Antonio Brown in his official capacity as Sheriff of | ) | |
| Macon County, and Unknown Macon County Sheriff | ) | |
| Deputies, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

Plaintiff ONESHA WILLINGHAM, by and through her attorneys, complaining of Defendants Macon County Sheriff's Department, Macon County, Antonio Brown in his official capacity as Sheriff of Macon County, and Unknown Macon County Sheriff Deputies, and states the following:

**INTRODUCTION**

**1.** On March 22, 2019, Plaintiff was travelling with three passengers to attend a court hearing. While travelling, members of the Macon County Sheriff's Department effected a traffic stop on the vehicle Plaintiff was driving.

**2.** These currently unknown law enforcement officers then proceeded to unreasonably detain Plaintiff and the other three passengers for approximately a one-hour period while the deputies illegally searched the occupants of the vehicle and their belongings. These deputies further proceeded to unreasonably prolong the traffic stop in order to have a dog arrive on scene to conduct an exterior sniff of the vehicle.

3. In doing so, these currently unknown members of the Macon County Sheriff's Department violated Plaintiff's constitutional rights against unreasonable searches and seizures.

## JURSDICTION AND VENUE

4. This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Illinois.

5. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

6. Venue is proper in the United States District Court for the Central District of Illinois, Urbana division, under Title 28 of the United States Code, Section 1391(b)(2), as the events complained of occurred within this district.

## PARTIES

7. At all times relevant herein, Plaintiff ONESHA WILLINGHAM was a resident of the State of Illinois.

8. Defendants Unknown Macon County Sheriff Deputies were employed by the Macon County Sheriff's Department. These currently unknown defendants were acting within the scope of their employment with the Macon County Sheriff's Department and acted under color of law during the relevant time.

9. Defendant MACON COUNTY SHERIFF'S DEPARTMENT was, during the relevant time, the employer of Defendants Unknown Macon County Sheriff Deputies.

Defendant MACON COUNTY SHERIFF'S DEPARTMENT is named as a party pursuant to the legal theory of *Respondeat Superior*.

10.  Defendant ANTONIO BROWN IN HIS OFFICIAL CAPACITY AS SHERIFF OF MACON COUNTY. Defendant Brown is the current Sheriff of Macon County and sued in his official capacity. The Sheriff of Macon County is responsible for the policies, procedures, practices, and customs of the Macon County Sheriff's Department. The Sheriff of Macon County is also responsible for the training of deputies employed by the Macon County Sheriff's Department.

11.  Defendant MACON COUNTY is a municipal corporation organized, existing, and doing business under the laws of the State of Illinois. MACON COUNTY is named as a party pursuant to the indemnification requirements of 745 ILCS 10/9-102.

**FACTS**

12.  On March 22, 2019, Plaintiff was driving a vehicle with three other individuals. These individuals were travelling to a court date of Plaintiff's boyfriend.

13.  The vehicle was owned by Plaintiff.

14.  Defendants Unknown Macon County Sheriff Deputies effected a traffic stop on the vehicle in which Plaintiff was driving, allegedly for improperly travelling in the left lane of the highway.

15.  Numerous other vehicles had been travelling in the left lane of the highway; the traffic stop of Plaintiff's vehicle, upon information and belief, conducted because Plaintiff and the three other passengers are African-American.

16.  During the traffic stop, Defendants Unknown Macon County Sheriff Deputies continuously questioned Plaintiff about her reasons for travelling. The Unknown Deputies also interrogated her as to whether narcotics were in the vehicle.

**17.** Despite the reason for the traffic stop being completed, Defendants Unknown Macon County Sheriff Deputies proceeded to detain Plaintiff and the other three passengers in order to permit a drug-sniffing dog to arrive on scene.

**18.** Upon information and belief, Defendants Unknown Macon County Sheriff Deputies falsely claimed that the drug-sniffing dog had detected narcotics in Plaintiff's vehicle.

**19.** No narcotics were in Plaintiff's vehicle.

**20.** Defendants Unknown Macon County Sheriff Deputies then searched Plaintiff's vehicle based on the false assertion that the drug-sniffing dog had detected narcotics; these law enforcement officers found no narcotics in Plaintiff's vehicle.

**21.** Nonetheless, these law enforcement officers then searched Plaintiff's belongings and the belongings of the other passengers.

**22.** Elesha Jackson had a large sum of money in her purse. This money had been previously taken from her retirement account. She intended to use this money in order to secure the bond of her son, Plaintiff's boyfriend.

**23.** The law enforcement officers then demanded Elesha Jackson prove that the money was drawn from her retirement account. She was forced by these officers to do exactly that.

**24.** Plaintiff also had money in her possession; approximately $3,000 from her tax return. Unfortunately, Plaintiff did not have documentation to prove that her money was from a tax return so Defendants Unknown Macon County Sheriff Deputies took the money and claimed it was from narcotics sales and, as such, subject to forfeiture.

**25.** Defendants Unknown Macon County Sheriff Deputies had no basis to believe that Plaintiff's money was from narcotics sales.

**26.** Eventually, Plaintiff and the other passengers were able to leave the scene of the traffic stop. The traffic stop had lasted approximately one hour; far beyond the time that was necessary to resolve the alleged traffic violation.

**COUNT I – FEDERAL CLAIM**
**42 U.S.C. § 1983 UNREASONABLE SEIZURE**
**DEFENDANTS UNKNOWN MACON COUNTY SHERIFF DEPUTIES**

**27.** Each paragraph of this Complaint is incorporated as if restated fully herein.

**28.** The actions of Defendants Unknown Macon County Sheriff Deputies in unreasonably prolonging the traffic stop violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C. Section 1983.

**29.** The actions of Defendants Unknown Macon County Sheriff Deputies in taking Plaintiff's money without lawful basis violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C. Section 1983.

**30.** As a result of the unreasonable detention, Plaintiff suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendants Unknown Macon County Sheriff Deputies, and an award of compensatory damages, punitive damages, attorneys' fees, costs, the return of her unlawfully seized money, and for any additional relief that is just and proper.

**COUNT II – FEDERAL CLAIM**
**42 U.S.C. § 1983 UNREASONABLE SEARCH**
**DEFENDANTS UNKNOWN MACON COUNTY SHERIFF DEPUTIES**

**31.** Each paragraph of this Complaint is incorporated as if restated fully herein.

**32.** Defendants Unknown Macon County Sheriff Deputies conducted a search of Plaintiff's belongings and her vehicle absent reasonable suspicion or probable cause.

33. The actions of Defendants Unknown Macon County Sheriff Deputies constituted an unreasonable search, violating Plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

34. As a result of the unreasonable search, Plaintiff suffered injuries.

WHEREFORE, Plaintiff prays for judgment against Defendants Unknown Macon County Sheriff Deputies, and an award of compensatory damages, punitive damages, attorneys' fees, costs, and for any additional relief that is just and proper.

### COUNT III – FEDERAL CLAIM
### 42 U.S.S. § 1985 CIVIL CONSPIRACY
### DEFENDANTS UNKNOWN MACON COUNTY SHERIFF DEPUTIES

35. Each paragraph of this Complaint is incorporated as if restated fully herein.

36. During the unreasonable detainment of Plaintiff, Defendants Unknown Macon County Sheriff Deputies agreed to falsely assert that a drug-sniffing dog had alerted to the presence of narcotics in Willingham's vehicle. This was done in order to permit these law enforcement officers to search Willingham's vehicle and the personal belongings of the passengers of the vehicle, including Plaintiff.

37. As a result of the civil conspiracy, Plaintiff suffered injuries.

WHEREFORE, Plaintiff prays for judgment against Defendants Unknown Macon County Sheriff Deputies, and an award of compensatory damages, punitive damages, attorneys' fees, costs, and for any additional relief that is just and proper.

### COUNT IV – CLAIM UNDER ILLINOIS LAW
### FALSE IMPRISONMENT
### DEFENDANTS UNKNOWN MACON COUNTY SHERIFF DEPUTIES AND
### DEFENDANT MACON COUNTY SHERIFF'S DEPARTMENT

38. Each of the foregoing paragraphs of his Complaint is incorporated as if restated fully herein.

39. The unreasonable detainment of Plaintiff was done without probable cause. As such, it constituted a false imprisonment under Illinois law.

40. As the employer of Defendants Unknown Macon County Sheriff Deputies – who acted within the scope of their employment during the relevant time – Defendant Macon County Sheriff's Department is liable under the theory of *Respondeat Superior*.

41. As a result of the false imprisonment, Plaintiff suffered injuries.

WHEREFORE, Plaintiff prays for judgment against Defendants Unknown Macon County Sheriff Deputies and Defendant Macon County Sheriff's Department, and an award of compensatory damages, punitive damages, attorneys' fees, costs, and for any additional relief that is just and proper.

## COUNT V – FEDERAL CLAIM
### *MONELL* CLAIM
### DEFENDANT ANTONIO BROWN IN HIS OFFICIAL CAPACITY AS SHERIFF OF MACON COUNTY

42. Each of the foregoing paragraphs of this Complaint is incorporated as if restated fully herein.

43. Defendant Antonio Brown is sued in his official capacity as the Sheriff of Macon County. The Sheriff of Macon County is responsible for the policies, practices, and customs of the Macon County Sheriff's Department.

44. During the relevant time, the Macon County Sheriff's Department had in place a policy, practice, or custom of discriminating against minorities during traffic stops. This discrimination manifested itself through the Macon County Sheriff's Department's policy, practice, or custom of utilizing drug-sniffing dogs in a disproportional amount of traffic stops involving minority drivers compared to traffic stops involving white drivers.

**45.** From January 2015 through December 2017, the Macon County Sheriff's Department effected a total of 13,967 traffic stops: 10,598 stops involving white drivers (76%) and 3,369 stops involving minority drivers (24%). Minority drivers make up only an estimated 17.82% of the total driving population.

**46.** Of those 13,967 traffic stops, drug-sniffing dogs were requested by the Macon County Sheriff Deputy involved in the traffic stop a total of 257 times.

**47.** A drug-sniffing dog was requested for white drivers a total of 95 times while the Macon County Sheriff Deputies requested drug-sniffing dogs for traffic stops involving minority drivers 162 times. Despite accounting for only 24% of the total traffic stops, minority drivers were subjected to 63% of the drug-sniffing dog requests by the Macon County Sheriff Department.

**48.** Calculated out, the Macon County Sheriff Deputies requested drug-sniffing dogs for .9% of the traffic stops for white drivers yet requested drug-sniffing dogs for approximately 5% of all traffic stops involving minority drivers.

**49.** This type of racial profiling – disproportionally employing drug-sniffing dogs during traffic stops involving minorities – is a violation of the Equal Protection Clause of the Fourteenth Amendment. Specifically, the policy, practice, or custom by the Macon County Sheriff's Department singles out minorities based solely on their race.

**50.** Based on sheer numbers alone, this custom of the Macon County Sheriff's Department in disproportionally utilizing drug-sniffing dogs during traffic stops involving minorities was so widespread as to constitute the *de facto* policy of the Macon County Sheriff's Department.

**51.** This policy, practice, or custom was the moving force behind Plaintiff's constitutional violation in that Plaintiff's traffic stop was unreasonably prolonged by the

Unknown Macon County Sheriff Deputies in order to have a drug-sniffing dog transported to the scene of the traffic stop.

**52.**   As a direct and proximate result of the policy, practice, or custom of the Macon County Sheriff's Department – and by Defendant Antonio Brown in his official capacity – Plaintiff suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Antonio Brown in his Official Capacity as Sheriff of Macon County, and an award of compensatory damages, punitive damages, attorneys' fees, costs, and for any additional relief that is just and proper.

### COUNT VI – CLAIM UNDER ILLINOIS LAW
### INDEMNIFICATION
### DEFENDANT MACON COUNTY

**53.**   Each of the foregoing paragraphs of this Complaint is incorporated as if restated fully herein.

**54.**   During the relevant time, Defendants Unknown Macon County Sheriff Deputies were employees of Defendant Macon County Sheriff's Department and acted within the scope of their employment with Defendant Macon County Sheriff's Department. During the relevant time, Defendant Antonio Brown was acting in his official capacity as Sheriff of Macon County.

**55.**   Pursuant to 745 ILCS 10/9-102, Defendant Macon County is required to indemnify the Macon County Sheriff's Department for any judgment against a sheriff or sheriff's deputy for acts of omissions done within the scope of their employment and is required to indemnify any employee for any judgment for acts or omissions done within the scope of their employment.

WHEREFORE, Plaintiff prays for judgment against Defendant Macon County and that Defendant Macon County be required to indemnify Defendants Unknown Macon County Sheriff Deputies, Macon County Sheriff's Department, and Antonio Brown in his Official Capacity as Sheriff of Macon County for any award of compensatory damages and attorney's fees.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

        Respectfully submitted,

        By: */s/ Shawn W. Barnett*
        Shawn W. Barnett, Atty. No. 6312312
        One of the Attorneys for Plaintiff

HALE & MONICO LLC
Andrew M. Hale
Shawn W. Barnett
53 West Jackson, Suite 357
Chicago, IL 60604
(312) 870-6905